UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

LaSANDRA NORMAN,           )
   a/k/a Beyonc'e,          )
                            )
              Plaintiff     )
     vs.                    )          CAUSE NO. 2:16-CV-113 RLM
                            )
B.E.T. TELEVISION; STEVEN HILL;   )
DEBRA LEE; and WENDY WILLIAMS,   )
                            )
              Defendants    )

MEMORANDUM and ORDER

LaSandra Norman, a/k/a Beyonc'e, has filed *pro se* claims against the

defendants on a form complaint under 42 U.S.C. § 1983. Based on a generous

reading of her complaint, *see* Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A

document filed *pro se* is to be liberally construed."); Arnett v. Webster, 658 F.3d

742, 751 (7th Cir. 2011) (courts must "construe *pro se* complaints liberally"), Ms.

Norman appears to be asserting claims of "criminal behaviors" by the defendants,

claims for race and gender discrimination and/or sexual harassment, and a claim

for violation of federal copyright laws. Ms. Norman seeks $2 billion for her pain,

suffering, and medical bills.

Defendants Stephen Hill, Debra Lee, and Wendy (Hunter) Williams have filed

a motion to dismiss Ms. Norman's complaint pursuant to Federal Rule of Civil

Procedure 12(b)(2) for lack of personal jurisdiction, Federal Rule of Civil Procedure

12(b)(3) for improper venue, or, alternatively, Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim upon which relief can be granted. The defendants maintain Ms. Norman's claims don't give rise to contacts with the State of Indiana sufficient to create personal jurisdiction over them in this court, venue is improper in the Northern District of Indiana, any possible claims Ms. Norman is attempting to raise under 42 U.S.C. § 1983 and for sexual harassment, gender discrimination, and/or race discrimination must be dismissed, and her complaint fails to state a claim for copyright infringement. Ms. Norman has filed her response(s) to the defendants' motion, and the defendants have filed their reply. For the reasons that follow, the court concludes that the defendants' motion must be granted.

*Federal Rule of Civil Procedure 12(b)(2)*

Because "jurisdiction is a threshold requirement that must be satisfied before a court can pass judgment on the merits" of Ms. Norman's complaint, <u>Rawlins v. Select Specialty Hosp. of Northwest Ind., Inc.</u>, No. 13 C 7557, 2014 WL 1647182, at *2 (N.D. Ill. Apr. 23, 2014) (*citing* <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 94 (1998)), the court must resolve the defendants' jurisdictional argument first. A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(2) is a challenge to the court's jurisdiction over the defendants that places the burden on the plaintiff to establish jurisdiction. <u>Tamburo v. Dworkin</u>, 601 F.3d 693, 700 (7th Cir. 2010).

Mr. Hill, Ms. Lee, and Ms. (Hunter) Williams have submitted affidavits opposing jurisdiction, so Ms. Norman must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 783 (7th Cir. 2003). When, as here, the motion to dismiss is decided based on the submission of written materials without an evidentiary hearing, Ms. Norman must "make out a prima facie case of personal jurisdiction" through affidavits or other written materials setting forth facts that if true would be sufficient to establish jurisdiction over the non-resident defendants. Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003). "[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Novelty, Inc. v. RCB Distributing, Inc., No. 1:08-cv-418, 2008 WL 2705532, at *1 (S.D. Ind. July 9, 2008).

Neither of the federal statutes that appear to serve as the basis for this litigation – Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Copyright Act, 17 U.S.C. § 101 *et seq.* – authorize nationwide service of process or govern personal jurisdiction, *see* Philpot v. Mansion America, LLC, No. 1:14-cv-1357, 2015 WL 4715215, at *1 n.1 (S.D. Ind. Aug. 7, 2015) ("[T]he Copyright Act does not authorize nationwide service of process or govern personal jurisdiction."); Nathan v. Morgan Stanley Renewable Development Fund, LLC, No. 11 C 2231, 2012 WL 1886440, at *4 (N.D. Ill. May 22, 2012) ("Title VII does not provide for nationwide service of process."), so whether jurisdiction over the out-

3

of-state defendants is proper involves two inquires: whether Indiana's long-arm statute allows jurisdiction, and whether assertion of personal jurisdiction would violate the Fourteenth Amendment's Due Process Clause. Felland v. Clifton, 682 F.3d 665, 672 (7th Cir. 2012). Indiana's long-arm statute, set forth in Indiana Trial Rule 4.4(A), extends personal jurisdiction to the limits allowed under the Due Process Clause, so the only question is whether the court's exercise of personal jurisdiction over Stephen Hill, Debra Lee, and Wendy (Hunter) Williams comports with due process. See LinkAmerica Corp. v. Cox, 857 N.E.2d 961, 967 (Ind. 2006) ("The 2003 amendment to Indiana Trial Rule 4.4(A) was intended to, and does, reduce analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process Clause.").

Due process requires that to subject a non-resident defendant to personal jurisdiction, the defendant must have certain minimum contacts with the forum state (here, Indiana) "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). Due process "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations. . . . A forum state's courts may not exercise personal jurisdiction over a nonconsenting, out-of-state defendant unless the defendant has 'certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

<u>Northern Grain Marketing, LLC v. Greving</u>, 743 F.3d 487, 492 (7th Cir. 2014) (*quoting* <u>International Shoe Co. v. Washington</u>, 326 U.S. at 316). The Supreme Court has defined the necessary minimum contacts as "some act by which the defendant purposefully avails [himself or herself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958).

A defendant who doesn't engage in business generally in the forum state, but has transacted some business there, can still be subject to suit. Specific, rather than general, jurisdiction over a defendant exists when the suit arises out of or is related to the defendant's contacts with the forum. <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414 n.8 (1984). Ms. Norman makes no allegation that Mr. Hill, Ms. Lee, or Ms. (Hunter) Williams has engaged in "the kind of continuous and systematic general business contacts" that would be necessary to support general jurisdiction. Thus, the court must determine if Ms. Norman has established that the defendants purposefully availed themselves of the privilege of conducting business in Indiana sufficient to subject them to specific jurisdiction in this court. *See* <u>Tamburo v. Dworkin</u>, 601 F.3d 693, 702 (7th Cir. 2010) ("Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities."). The defendants' conduct and connection with Indiana "must be substantial enough to make it

reasonable for [them] to anticipate that [they] could be haled into court []here."
Northern Grain Marketing, LLC v. Greving, 743 F.3d 487, 492 (7th Cir. 2014).

Mr. Hill, Ms. Lee, and Ms. (Hunter) Williams maintain that their contacts with the State of Indiana are insufficient to subject them to specific jurisdiction in this court. In support of their motion to dismiss, they have submitted their affidavits in which they report the following:

Stephen Hill – reports that he is a citizen and resident of the District of Columbia; he is the president of programming for Black Entertainment Television, LLC, and his work for B.E.T. is conducted primarily in Washington, D.C. and New York City; he doesn't own or rent any property or have any assets in Indiana; he doesn't have any bank accounts or governmental licenses in Indiana; he doesn't have a mailing address or any employees or agents in Indiana; he hasn't engaged in or conducted any business in Indiana and has never been required to pay any taxes in Indiana; he doesn't maintain a place of business or have any business relationships in Indiana; he hasn't entered into any contracts or conducted any financial transactions with any person or company in Indiana; he hasn't performed any work or services in Indiana; and, prior to learning of this lawsuit, he had no knowledge of or contact with LaSandra Norman or her alleged works. Deft. Memo., Exh. A (Hill Aff.), ¶¶ 1-16.

Debra Lee – reports that she is a citizen and resident of the District of Columbia; she is the chairman and chief executive officer of B.E.T.

Holdings, Inc., and her work for B.E.T. Holdings is conducted primarily in Washington, D.C. and New York City; she doesn't own or rent any property or have any assets in Indiana; she doesn't have any bank accounts or governmental licenses in Indiana; she doesn't have a mailing address or any employees or agents in Indiana; she hasn't engaged in or conducted any business in Indiana and has never been required to pay any taxes in Indiana; she doesn't maintain a place of business or have any business relationships in Indiana; she hasn't entered into any contracts or financial transactions with any person or company in Indiana; as chairman and CEO of B.E.T. Holdings, Inc., she hasn't performed any work or services in Indiana; and, prior to learning of this lawsuit, she had no knowledge of or contact with LaSandra Norman or her alleged works. Deft. Memo., Exh. B (Lee Aff.), ¶¶ 1-17.

Wendy Hunter – reports that she is a citizen and resident of the State of New York; using her professional name "Wendy Williams," she is the host of The Wendy Williams Show, a nationally syndicated talk show that is filmed in New York City; she doesn't own or rent any property or have any assets in Indiana; she doesn't have any bank accounts or governmental licenses in Indiana; she doesn't have a mailing address or any employees or agents in Indiana; she has never made a television show or filmed a motion picture in Indiana; she has never directed, targeted, or focused any marketing activities or advertisements to Indiana in particular; she hasn't

performed any work or services in Indiana; The Wendy Williams Show has never been filmed in Indiana; and, prior to learning of this lawsuit, she had no knowledge of or contact with LaSandra Norman or her alleged works. Deft. Memo., Exh. C (Hunter Aff.), ¶¶ 1-15.

The defendants conclude that because they have no connection to Indiana, any exercise of personal jurisdiction over them in this court would offend the traditional notions of fair play and substantial justice.

Ms. Norman hasn't challenged the affidavit statements of Mr. Hill, Ms. Lee, or Ms. (Hunter) Williams, and while Ms. Norman has filed more than one response to the defendants' motion, she hasn't responded to the defendants' arguments. Ms. Norman complains that while the defendants want to claim lack of jurisdiction, "they can get on an airplane to go to Los Angeles to further infringe." She maintains jurisdiction over her copyright infringement case "will always be present . . . because [she] will never live in New York nor will they ever live in Indiana." Ms. Norman says, too, that jurisdiction could be waived by the defendants "if they wanted to find out what's really going on." Ms. Norman, though, hasn't produced evidence or pointed to facts to establish that jurisdiction over these defendants is proper in this court.

Ms. Norman hasn't alleged, argued, or established that Mr. Hill, Ms. Lee, or Ms. (Hunter) Williams has sufficient minimum contacts with the State of Indiana to subject any of them to specific jurisdiction in this court, or that any of them has "purposely established minimum contacts" with Indiana such that they

"should reasonably anticipate being haled into court" in Indiana. <u>Felland v. Clifton</u>, 682 F.3d 665, 673 (7th Cir. 2012); *see also* <u>Tile Unlimited, Inc. v. Blanke Corp.</u>, 47 F. Supp. 3d 750, 757 (N.D. Ill. 2014) ("The inquiry focuses on whether the defendant has 'purposely avail[ed] itself of the privilege of conducting activities with the forum State, thus invoking the benefits and protections of its laws.'"). Ms. Norman hasn't alleged, argued, or established that the injury of which she complains arises out of or relates to any actions Mr. Hill, Ms. Lee, or Ms. (Hunter) Williams purposely directed at Indiana. <u>Felland v. Clifton</u>, 682 F.3d at 676; *see also* <u>be2 LLC v. Ivanov</u>, 642 F.3d 555, 559 (7th Cir. 2011) ("[A] a defendant must in some way target the forum state's market."). Thus, Ms. Norman hasn't carried her burden of establishing that Mr. Hill, Ms. Lee, or Ms. (Hunter) Williams had sufficient minimum contacts with Indiana to support personal jurisdiction in this court; the court needn't "go further in the personal-jurisdiction analysis by, for example, analyzing whether requiring [Mr. Hill, Ms. Lee, and Ms. (Hunter) Williams] to defend the suit in [Indiana] offends 'traditional notions of fair play and substantial justice.'" <u>Northern Grain Marketing, LLC v. Greving</u>, 743 F.3d 487, 496 (7th Cir. 2014). Dismissal of Ms. Norman's claims against Mr. Hill, Ms. Lee, and Ms. (Hunter) Williams is proper, and the court need not address the defendants' additional bases for dismissal.

The court GRANTS the motion of defendants Stephen Hill, Debra Lee, and Wendy (Hunter) Williams to dismiss Ms. Norman's claims against them for lack

of personal jurisdiction [docket # 24]. Ms. Norman's claims against defendant B.E.T. Television remain pending.

SO ORDERED.

ENTERED:   July 18, 2016

   /s/ Robert L. Miller, Jr.
Judge, United States District Court

cc:   L. Norman