UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LaSANDRA NORMAN,<br>  a/k/a Beyonc'e,<br><br>               Plaintiff<br>    vs.<br><br>B.E.T. TELEVISION,<br><br>               Defendant | CAUSE NO. 2:16-CV-113 RLM |

## MEMORANDUM and ORDER

This cause is before the court on the motion of B.E.T. Entertainment Television to clarify the July 18, 2016 Memorandum and Order dismissing LaSaldra Norman's claims against defendants Stephen Hill, Debra Lee, and Wendy (Hunter) Williams under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over those defendants. B.E.T. says that because that Memorandum and Order failed to address its request for dismissal of Ms. Norman's complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), the court should clarify whether B.E.T.'s motion remains under advisement.

The defendants' motion to dismiss and memorandum in support indicate in their introductory paragraphs that the motion and memorandum were submitted on behalf of B.E.T. Television, LLC and the "individual defendants," but defendant B.E.T. is referenced nowhere else in the motion or memorandum. Specific arguments are made on behalf of the "individual defendants," and Section

IV of the memorandum sets forth arguments for dismissal of certain portions of the complaint (ironically complaining about the lack of specificity as to the defendants), but none of the memorandum's arguments state their relationship to B.E.T. The court wasn't inclined to engage in guesswork as to the applicability of the arguments to B.E.T. United States v. Zambrano, No. 08 CR 746, 2011 WL 4565796, at *2 (N.D. Ill. Sept. 25, 2011) ("A district judge is not compelled to respond to undeveloped arguments.").

In the current motion asking the court to clarify the July 18 Memorandum and Order, B.E.T. clarifies that in the defendants' motion to dismiss, B.E.T. sought dismissal of plaintiff's complaint "on grounds of improper venue (Fed. R. Civ. P. 12(b)(3)) and failure to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6))." Mot. to Clarify, ¶ 1. With that clarification, the court will address the Rule 12(b)(3) and Rule 12(b)(6) arguments of the motion to dismiss as having been made on behalf of B.E.T.

FEDERAL RULE OF CIVIL PROCEDURE 12(B)(3)

Rule 12(b)(3) permits dismissal of an action for improper venue. FED. R. CIV. P. 12(b(3). "Analysis of the Rule 12(b)(3) dismissal motion begins with the question of whether venue is, in fact, **improper** in this district." Brantley v. Luxottica Retail North America, Inc., No. 14-cv-561, 2014 WL 4370848, at *2 (S.D. Ill. Sept. 3, 2014) (emphasis in original). In a civil action, venue is proper in, among other places, "a judicial district in which a substantial part of the events or omissions

2

giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

Section III of the motion to dismiss claims that venue is improper with respect to the "individual defendants" because they don't reside in Indiana and they have no contacts in Indiana. Defts. Memo., at 8. B.E.T. isn't mentioned in Section III, so the remaining statement in that paragraph – "plaintiff does not allege that any relevant act occurred in Indiana" – will be viewed as the basis for B.E.T.'s improper venue argument. Defts. Memo., at 8. Because B.E.T. offers nothing more, and, as discussed in more detail below, the allegations of Ms. Norman's complaint are unclear and non-specific as to B.E.T., the court cannot find that B.E.T. has established that venue is improper in this district with respect to B.E.T. *See* Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc., 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003) ("The requirements of § 1391(a)(2) 'may be satisfied by a communication transmitted to or from the district in which the cause of action was filed, given a sufficient relationship between the communication and the cause of action.'") (*quoting* Fogelson v. Iatrides, No. 99 C 6892, 2000 WL 631293, at *3 (N.D. Ill. May 12, 2000)).

B.E.T.'s motion to dismiss based on Federal Rule of Civil Procedure 12(b)(3) must be denied.

FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, the complaint must meet the "notice pleading" requirement of Federal Rule of Civil Procedure 8(a) that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," so the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (*quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Although the bar to survive a motion to dismiss is not high, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Bonte v. U.S. Bank, N.A., 624 F.3d 461, 463 (7th Cir. 2010). A plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original); *see also* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, at 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). In evaluating the sufficiency of a complaint, a court must accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff without engaging in fact-finding. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010).

Liberally construing the allegations of Ms. Norman's complaint, Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015) ("Because Perez's complaint is *pro se*, we construe it liberally, holding it to a less stringent standard than formal pleadings drafted by lawyers."), Ms. Norman appears to be complaining about "criminal behaviors," sexual harassment, race and gender discrimination, and copyright violations. The complaint, though, doesn't contain "a short and plain statement" of the specific claims being asserted against defendant B.E.T.,*see* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); doesn't allege any of the elements necessary to suggest violations by B.E.T. of 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, or the Copyright Act, 17 U.S.C. § 101 *et seq.*; doesn't identify specific actions or inactions by B.E.T. that would give B.E.T. "fair notice of what the claim is and the grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 550 U.S. at 555; and doesn't set forth sufficient factual allegations as to B.E.T. that "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.

The court GRANTS the motion of B.E.T. Television to clarify [docket # 32] and DISMISSES Ms. Norman's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim against B.E.T. Television upon which relief can be granted. Ms. Norman is AFFORDED twenty days from this date to file an amended complaint.

SO ORDERED

5

ENTERED:  July 25, 2016

                              /s/ Robert L. Miller, Jr.
                          Judge, United States District Court

cc:   L. Norman