UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| LaSANDRA NORMAN, | ) | |
|---|---|---|
| Plaintiff | ) | |
| vs. | ) | CAUSE NO. 2:16-CV-113 RLM-PRC |
| B.E.T. TELEVISION, | ) | |
| Defendant | ) | |

OPINION AND ORDER

Following the dismissal of her first *pro se* complaint [Doc. Nos. 31, 36], LaSandra Norman filed an amended complaint against Black Entertainment Television LLC (sued as B.E.T. Television) alleging copyright infringement. Ms. Norman claims that she has a copyright to music and lyrics played by B.E.T. She seeks a court order to bar B.E.T. from using her copyrighted material and $2 billion in monetary damages for her pain and suffering. B.E.T.'s motion to dismiss Ms. Norman's amended complaint is before the court [Doc. No. 42], as is Ms. Norman's motion to proceed to trial [Doc. No. 47]. For the following reasons, the court grants B.E.T.'s motion to dismiss and denies as moot Ms. Norman's motion to proceed to trial.

When considering a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). When a complaint is filed *pro se,* the court "construe[s] it liberally, holding it to

a less stringent standard than formal pleadings drafted by lawyers." Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015). But FED. R. CIV. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 570). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 556).

"[A] plaintiff must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." Def. Sec. Co. v. First Mercury Ins. Co., 803 F.3d 327, 335 (7th Cir. 2015) (quoting Reger Dev., LLC v. Nat'l City Bank, 592 F.3d 759, 763–64 (7th Cir.2010)). But a plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

To state a claim for direct copyright infringement, Ms. Norman must plead sufficient facts to plausibly suggest "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Peters v. West,

692 F.3d 629, 632 (7th Cir. 2012) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, (1991)). Ms. Norman's amended complaint doesn't include a copyright certification, but it does state that she "has copyright to the lyrics" and her original complaint included a Certificate of Registration for a copyright to "The Real and True Beyonc'e (2005–2015)." Consequently, for purposes of this motion to dismiss, the court assumes that Ms. Norman owns a valid copyright.

Assuming Ms. Norman could demonstrate ownership of a valid copyright, she still must plead facts plausibly suggesting that B.E.T. copied elements of the copyrighted work that are original. *See* Peters v. West, 692 F.3d 629, 632 (7th Cir. 2012). The amended complaint claims that "since the early 2000's" B.E.T. "played sexual material" containing "music and [lyrics] belonging to Lasandra Norman who has copyright to the lyrics … time and time again on show[s] like 106 and [P]ark." These allegations don't provide enough detail to give B.E.T. fair notice of the factual basis for her claims. *See* Def. Sec. Co. v. First Mercury Ins. Co., 803 F.3d 327, 335 (7th Cir. 2015) (requiring that a plaintiff provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests"). Ms. Norman's amended complaint doesn't identify the elements of the copyrighted work she claims B.E.T. copied, such as the specific music and lyrics, or offer any facts suggesting how B.E.T. allegedly infringed on her copyrighted work. *See* Peters v. West, 692 F.3d 629, 632 (7th Cir. 2012). Accordingly, Ms. Norman's amended complaint must be dismissed.

While B.E.T.'s motion to dismiss was pending before the court, Ms. Norman filed a motion to proceed to trial [Doc. No. 47]. Because the court is granting B.E.T.'s motion to dismiss Ms. Norman's amended complaint, Ms. Norman's motion to proceed to trial is moot.

The court GRANTS B.E.T.'s motion to dismiss [Doc. No. 42] and DISMISSES the amended complaint without prejudice. The motion to proceed to trial [Doc. No. 47] is DENIED as moot.

SO ORDERED

ENTERED:   December 5, 2016


    /s/ Robert L. Miller, Jr.
Judge, United States District Court

cc:   L. Norman